UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**02 - 10286**

JAMIE SPENCER,

Plaintiff,

v.

CITY OF BAY CITY,

Defendant.

Case No. _____

Hon. **DAVID M. LAWSON**

_____/

**COMPLAINT**

David A. Moran
Cooperating Attorney, American Civil
  Liberties Union Fund of Michigan
Wayne State University Law School
471 West Palmer Street
Detroit, MI 48202
(313) 577-4829

William T. Street
Cooperating Attorney, American Civil
  Liberties Union Fund of Michigan
1500 E. Genesee Ave.
Saginaw, MI 48607-1754
(989) 752-5406

Attorneys for Plaintiff

Michael J. Steinberg
Kary L. Moss
American Civil Liberties Union
  Fund of Michigan
60 West Hancock Street
Detroit, MI 48201
(313) 578-6800, ext. 814

_____/

**COMPLAINT**

Plaintiff, Jamie Spencer, through her attorneys, states as follows for her complaint:

## **INTRODUCTION**

1.      Plaintiff, Jamie Spencer, challenges the constitutionality of Bay City's policy and practice of requiring individuals who are twenty years old or younger to take Breathalyzer tests to measure alcohol consumption without first seeking a search warrant. Mrs. Spencer asserts that the Bay City policy and practice violates the Fourth Amendment right to be free from unlawful search and seizure when applied outside of the driving context because (1) a breath test is a search, (2) the City does not seek a search warrant to conduct such searches, and (3) no exceptions to the search warrant requirement exist.

2.      Mrs. Spencer also challenges the constitutionality of Bay City Ordinance § 10-57 (e), which provides, in relevant part, "A peace officer who has reasonable cause to believe a person less than 21 years of age has consumed alcoholic liquor may require the person to submit to a preliminary chemical breath analysis. . . . A person less than 21 years of age who refuses to submit to a preliminary chemical breath test analysis as required in this subsection is responsible for a state civil infraction and may be ordered to pay a civil fine of not more than $100.00." (See attached copy of the ordinance). She asserts that the ordinance unconstitutionally penalizes non-drivers for exercising their constitutional right to refuse to consent to a warrantless search.

3.      Mrs. Spencer seeks, among other things, (1) a declaration that her Fourth Amendment rights were violated when she was forced to submit to a breath test although no warrant had been procured, (2) a declaration that the Bay City policy and practice discussed above and Bay City Ordinance § 10-57(e) violate the Fourth Amendment when applied to non-drivers such as Mrs. Spencer, and (3) damages.

2

## JURISDICTION AND VENUE

4.      Plaintiff brings this action pursuant to the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§ 1983 and 1988, to redress the deprivation by Defendant of rights secured to her under the Constitution and laws of the United States. This Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (original jurisdiction over civil rights claims), and 28 U.S.C. § 2201 (declaratory relief).

5.      The acts and omissions that form the basis of Mrs. Spencer's cause of action occurred within Bay County, Michigan. Venue is properly laid in the Eastern District of Michigan, Northern Division, pursuant to 28 U.S.C. § 1391(b) and Local Rule 83.10.

## PARTIES

6.      Jamie Spencer is twenty years old and was nineteen years old at the time of the incident in that gave rise to this case. She is a 2000 graduate of Bay City Western High School and is now employed. She resides with her husband in Midland County, located within the Eastern District of Michigan, Northern Division.

7.      Bay City is a body corporate organized under the laws of the State of Michigan, located within Bay County and the Eastern District of Michigan, Northern Division.

## FACTS

8.      On or about August 20, 2001, Plaintiff Jamie Spencer, along with her husband and her husband's cousin, drove to Veteran's Park in Bay City to go rollerblading with other friends.

9.      After rollerblading and as Mrs. Spencer and her companions were preparing to

3

leave, two Bay City police cars pulled into the parking lot where their car was parked.

10. One of the Bay City police officers approached Mrs. Spencer and her companions and demanded that they show identification. Plaintiff and her companions complied with the request and produced identification.

11. The officer then requested that Mrs. Spencer submit to a breath test.

12. Mrs. Spencer stated that she had not consumed any alcohol, asked why she was being required to take a breath test and asked what would happen if she refused to take a breath test.

13. The officer stated that if Mrs. Spencer did not submit to a breath test she would be fined $100.

14. The officer did not procure a search warrant requiring Mrs. Spencer to take a breath test.

15. The officer never placed Mrs. Spencer under arrest for violating any law or ordinance.

16. There were no exigent circumstances that would have allowed the officer to suspend the requirements of procuring a search warrant.

17. Because Mrs. Spencer was threatened with a fine, she submitted to the breath test.

18. The breath test reflected that Mrs. Spencer, in fact, had not consumed any alcohol.

19. Mrs. Spencer was then given permission to leave with her companions.

20. Bay City Ordinance §10-57(a) makes it a misdemeanor for a person less than 21 years of age to consume or possess alcohol. Violation of the ordinance is punishable by fines ranging between $100 and $500 and offenders may be ordered to participate in various substance

4

abuse programs or to perform community service. The offense is not punishable by imprisonment. (See Bay City Ordinance § 10-57(a), attached).

21. Bay City Ordinance § 10-57(e) authorizes a police officer who has reasonable cause to believe that a minor has consumed alcohol to require that she or he submit to a preliminary breath analysis – the results of which can be used in a criminal prosecution for consumption or possession of alcohol. A person who refuses to submit to such a breath test is guilty of a civil infraction punishable by a $100 fine. (See attached ordinance).

22. Bay City Ordinance § 10-57(e) states, in its entirety:

> A peace officer who has reasonable cause to believe a person less than 21 years of age has consumed alcoholic liquor may require the person to submit to a preliminary chemical breath analysis. A peace officer may arrest a person based in whole or in part upon the results of a preliminary chemical breath analysis. The results of a preliminary chemical breath analysis or other acceptable blood alcohol tests are admissible in a criminal prosecution to determine whether the minor has consumed or possessed alcoholic liquor. A person less than 21years of age who refuses to submit to a preliminary chemical breath test analysis as required in this subsection is responsible for a state civil infraction and may be ordered to pay a civil fine of not more than $100.00.

23. The Bay City Ordinance does not require that a police officer obtain a warrant before requiring an individual to take a breath test.

## CAUSE OF ACTION

### VIOLATIONS OF THE
### FOURTH AMENDMENT AND 42 U.S.C. § 1983

24. Plaintiff incorporates by reference all prior paragraphs as though repeated paragraph by paragraph and word for word herein.

25. Defendant violated Mrs. Spencer's right to be free from unlawful search and

5

seizures guaranteed by the Fourth Amendment to the United States Constitution by requiring her to submit to a search of her person through use of the breath test, without a search warrant, a valid arrest, or exigent circumstances that would suspend the requirement of a search warrant.

26.    A breath test is a search within the meaning of the Fourth Amendment.

27.    The officer did not procure a search warrant before conducting the search of Mrs. Spencer's person.

28.    No exigent circumstances existed that would allow the officer to suspend the constitutional mandate of procuring a search warrant before requiring Mrs. Spencer to submit to the search.

29.    Mrs. Spencer was never validly arrested before being forced to submit to the search.

30.    Mrs. Spencer did not voluntarily consent to the search; rather, she submitted only because she was threatened with a $100 fine if she refused.

31.    Mrs. Spencer was not driving a motor vehicle at the time of the search and, therefore, did not impliedly consent to the search.

32.    The officer administered a breath test to Mrs. Spencer to determine whether she possessed or had consumed alcohol – a misdemeanor that is not punishable by imprisonment.

33.    It is a policy, practice, and/or custom of the Bay City Police Department to require that a non-driving individual under the age of twenty-one submit to a breath test if it is suspected that the individual has consumed alcohol, even where no search warrant has been procured, there has been no valid arrest, and no exigent circumstances exist that would suspend the requirement of procuring a search warrant.

6

34.     It is a policy, practice, and/or custom of the Bay City Police Department to require that a non-driving individual under the age of twenty-one submit to a breath test if that individual is in a group where one member of the group is suspected of consuming alcohol, even where no search warrant has been procured, there has been no valid arrest, and no exigent circumstances exist that would suspend the requirement of procuring a search warrant.

35.     Defendant violated the Fourth Amendment by enacting and enforcing Ordinance § 10-57(e), a law that penalizes citizens for exercising their constitutional right to refuse to consent to a warrantless search.

36.     At all relevant times, Defendant was acting under color of state law within the meaning of 42 U.S.C. § 1983.

37.     Pursuant to 42 U.S.C. § 1983, Mrs. Spencer is entitled to declaratory relief and damages from Defendant to compensate her for the violation of rights conferred to her under the Fourth Amendment to the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant as follows:

a.      A declaration that her Fourth Amendment rights were violated when she was forced to give a breath test although no warrant had been procured;

b.      A declaration that Bay City has violated the Fourth Amendment through its policy and practice of requiring non-drivers such as Mrs. Spencer to submit to a breath test even though no warrant has been procured and no exceptions to the search warrant requirement exist.

7

c.        A declaration that Bay City Ordinance § 10-57(e) violates the Fourth

          Amendment when applied to non-drivers such as Mrs. Spencer;

d.        Damages;

e.        Costs and attorneys fees pursuant to 42 U.S.C. § 1988; and

f.        Such other relief that the Court deems just and equitable.

Respectfully Submitted,

David A. Moran
Cooperating Attorney, American Civil
    Liberties Union Fund of Michigan
Wayne State University Law School
471 West Palmer Street
Detroit, MI 48202
(313) 577-4829

William T. Street
Cooperating Attorney, American Civil
    Liberties Union Fund of Michigan
1500 E. Genesee Ave.
Saginaw, MI 48607-1754
(989) 752-5406

Michael J. Steinberg
Kary L. Moss
American Civil Liberties Union
    Fund of Michigan
60 West Hancock Street
Detroit, MI 48201
(313) 578-6800, ext. 814

Dated: October 31, 2002

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED